IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| AMUN HONDO EL, *et al.* ) | CASE NO. 1:10CV2607 |
| ) | |
|     Plaintiffs, ) | |
| ) | JUDGE CHRISTOPHER A. BOYKO |
| v. ) | |
| ) | |
| JUDGE TIMOTHY MCGINTY ) | MEMORANDUM OF OPINION |
| ) | AND ORDER |
|     Defendant. ) | |

    Plaintiffs *pro se* Amun Hondo El and Mario Herring filed this action under the Civil Rights Act of 1871, 42 U.S.C. § 1983 against Cuyahoga County, Ohio Common Pleas Court Judge Timothy McGinty. They allege that Judge McGinty violated their constitutional rights by ignoring their claims that the Court has no jurisdiction, by violating "Canon Rules 5(E),(F)" and by forcing Plaintiff Hondo El to plead guilty. They request injunctive relief.

    A district court is expressly authorized to dismiss any civil action filed by a prisoner seeking relief from a governmental entity, as soon as possible after docketing, if the court concludes that the complaint fails to state a claim upon which relief may be granted, or if the plaintiff seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *Siller v. Dean*, 2000 WL 145167 * 2 (6th Cir. Feb. 1, 2000); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that attenuated or unsubstantial claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by unsubstantial claims).

    The Cuyahoga County Common Pleas Court docket shows that on November 4, 2010, Mario Herring was sentenced to a term of imprisonment of two years after pleading guilty to several

criminal offenses. *State of Ohio v. Herring*, Case No. CR-08-508614. No cases were found under the name Amun Hondo El, although he has sent notice that he is now located in the Lorain Correctional Institution, Grafton, Ohio.

The allegations set forth in the Complaint clearly challenge the validity of Plaintiff's' current convictions and resulting confinement in an Ohio penal institution. The Supreme Court has held that, when a prisoner challenges "the very fact or duration of his physical imprisonment, ... his sole federal remedy is a writ of habeas corpus." *Preiser v. Rodriguez*, 411 U.S. 475 (1973). *See Brooks v. McQuiggin,* 2010 WL 432250 * 3 (W.D.Mich., Jan. 26, 2010) (habeas corpus is the appropriate remedy for state prisoners challenging the validity of the fact or length of their confinement). In other words, a complaint seeking relief under 42 U.S.C. § 1983 is not a permissible alternative to a petition for writ of habeas corpus if the plaintiff essentially challenges the legality of his confinement. *Id*.

Moreover, Judge McGinty is a common pleas court judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge McGinty acted outside the scope of his official duties. Judge McGinty definitely acted within the scope of his official duties in presiding over Plaintiffs' court cases.

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915A. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

Date:  01/20/2011                                    **S/Christopher A. Boyko**
                                                     JUDGE   CHRISTOPHER   A.   BOYKO
                                                     UNITED STATES DISTRICT JUDGE